UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| EARL SIMPSON, | CASE NO. 1:17-cv-00275-LJO-MJS |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** |
| v. | |
| A NON-PROFIT PUBLIC BENEFIT CORP. DEPARTMENT OF STATE HOSPITALS, | **(ECF NO. 1)** |
| | **FOURTEEN (14) DAY OBJECTION DEADLINE** |
| Defendant. | |

Plaintiff Earl Simpson is a civil detainee proceeding pro se and in forma pauperis in this action brought pursuant to California Business and Professions Code § 17913. His complaint is before the Court for screening.

**I.  Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted,"

or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.  Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.  Plaintiff's Allegations**

Plaintiff's alleges that Defendants Pam Ahlin and Audrey King have failed to properly register the Department of State Hospitals as a fictitious business name pursuant to California Business and Professions Code § 17913. He seeks an order requiring compliance with same.

**IV.  Analysis**

**A.  Lack of Jurisdiction**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, such cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Finley v. United States, 490

U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions. Kokkonen, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988).

### 1. Diversity Jurisdiction

28 U.S.C. § 1332(a)(1) grants federal district courts original jurisdiction over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. To show state citizenship for the purposes of the statute, a party must be a citizen of the United States and be domiciled in the state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

Here, Plaintiff is a resident of California and is suing officials of the California Department of State Hospitals. There are no facts to suggest any party is domiciled in another state, and thus there are no facts to suggest diversity of citizenship.

Based on the foregoing the Court lacks diversity jurisdiction over Plaintiff's claims.

### 2. Federal Question Jurisdiction

Under federal question jurisdiction, district courts are authorized to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action can "arise under" federal law in two ways. Gunn v. Minton, -- U.S. --, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013). Most directly, "a case arises under federal law when federal law creates the cause of action asserted." Id. If, however, a claim finds its origins in state rather than federal law, federal jurisdiction will lie only "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id.; see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

Plaintiff's claim regarding the Business and Professions Code arises only under state law and does not raise a federal issue. Accordingly, the Court finds no basis for federal question jurisdiction.

**B.     Leave to Amend**

In general, a pro se Plaintiff is entitled to leave to amend unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (citation omitted). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice and futility." Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1276, 1293 (9th Cir. 1983); Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991).

Plaintiff's only claim in this action is that Defendants are not in compliance with a state law which is limited in its reach and impact to state issues and involves no federal or constitutional question impacting Plaintiff in any conceivable way. The only relief Plaintiff seeks is to have this Court force Defendants to comply with that state law.

The Court can envision no facts that would confer jurisdiction on this Court in the circumstances of this case. Leave to amend would be futile and should be denied.

**V.     Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint (ECF No. 1) be dismissed with prejudice and without further leave to amend due to Plaintiff's failure to establish jurisdiction.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on

appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 17, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE